IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOSE SANCHEZ GUEVARA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No. DLB-23-1169 |
| v. | * | |
| **UNITED BUFFET & GRILL, INC.** *et al.*, | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM OPINION AND ORDER**

On May 3, 2023, Jose Sanchez Guevara filed this lawsuit against his former employer United Buffet & Grill d/b/a Sushi Oishii and its owner Jun Wei Ni, alleging they failed to pay him minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501 *et seq. See* ECF 1. On June 28, 2023, the defendants made an offer of judgment for $12,000 pursuant to Fed. R. Civ. P. 68, and Sanchez Guevara accepted it on July 11. ECF 9 & 13.

Sanchez Guevara filed an unopposed motion for court approval of the offer of judgment, ECF 16, and a motion for attorneys' fees and costs, ECF 17, which the defendants opposed, ECF 18. The plaintiff filed a reply. ECF 19. Because the judgment is a fair and reasonable resolution of an FLSA claim for which the parties have a *bona fide* dispute, the motion for court approval is granted. Because Rule 68 provides for pre-offer (but not post-offer) costs, attorneys' fees are considered costs for purposes of the MWHL and MWPCL, and the fees are reasonable, the motion

for attorneys' fees and costs is granted as to the pre-offer fees and costs and denied as to the fees incurred after the offer.

## I. Background

Sanchez Guevara worked for the defendants at the restaurant Sushi Oishii as a kitchen laborer at all relevant times. ECF 1, ¶¶ 8–10, 18. In his complaint, he alleges they failed to pay his straight-time and overtime wages in willful violation of state and federal law. *Id.* ¶¶ 2, 20–21, 44, 52, 60. He alleges damages of $12,500 in unpaid wages and seeks treble damages under the MWPCL or, alternatively, liquidated damages under the FLSA or MWHL. *Id.* ¶¶ 24, 45, 53, 61. Records obtained through informal discovery showed that Sanchez Guevara's unpaid wages totaled $5,297.88. ECF 17-2, ¶ 18. The defendants made an offer for a $12,000 judgment to be entered against them, which would "include[] all of Plaintiff's claims for relief against Defendants." ECF 9. He accepted the offer and moved for the Court to approve it and award attorneys' fees and costs to him. ECF 13, 16, 17.

## II. Approval of Offer of Judgment

Rule 68 provides that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued," after which the opposing party may "serve[] written notice accepting the offer." Fed. R. Civ. P. 68(a). If either party files the offer, notice of acceptance, and proof of service with the Court, "[t]he clerk must then enter judgment." *Id.* When an offer of judgment is filed in an FLSA case, the Court adheres to the practice in this district of "evaluat[ing] accepted offers of judgment in FLSA cases as if they were proposed settlements." *Johnson v. Heartland Dental, LLC*, No. PJM-16-2154, 2017 WL 2266768, at *1 n.1 (D. Md. May 23, 2017) (citations omitted). To protect workers from the dangers of unequal bargaining power, "[t]he FLSA does not permit settlement or compromise over

alleged FLSA violations" unless there is "(1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects 'a reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Elejalde v. Perdomo Constr. & Mgmt. Serv., LLC*, No. GJH-14-3278, 2016 WL 6304660, at *1 (D. Md. Oct. 27, 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945) (noting the FLSA was enacted to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees).

The Fourth Circuit has not identified the factors that determine whether an FLSA settlement should be approved. However, this Court typically adopts the standard set forth in *Lynn's Food Stores*, *Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in which the Eleventh Circuit stated that a settlement must be "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Elejalde*, 2016 WL 6304660, at *1 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013). Specifically, the Court considers: "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408; *see Lynn's Food Stores*, 679 F.2d at 1355. In *Duprey*, this Court explained that "these factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" 30 F. Supp. 3d at 408 (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

1.  ***Bona Fide* Dispute**

To determine whether a *bona fide* dispute under the FLSA exists, this Court reviews the pleadings and other court filings in the case. *See Duprey*, 30 F. Supp. 3d at 408. The parties dispute whether the defendants owe Sanchez Guevara any unpaid minimum or overtime wages and the amount of any wages owed. ECF 1, ¶ 1; ECF 11, ¶¶ 1, 45; ECF 16, at 4; ECF 18, at 4. That suffices.

2.  **Fairness & Reasonableness**

To determine whether an FLSA settlement is fair and reasonable, the Court considers:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff[]; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiff['s] success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

Applying those factors here indicates that the offer of judgment is fair and reasonable. First, the parties have engaged in informal discovery, in which the defendants produced complete time and pay records and the plaintiff produced information about his commute. *See* ECF 16, at 4; ECF 17-2, ¶ 17. Second, the offer was made and accepted after less than three months of litigation, following about a month of negotiations. ECF 17-2, ¶ 16. This timing avoids the significant investment of time, effort, and expense that formal discovery, motions practice, and trial would entail. Third, there is no evidence of fraud or collusion in the offer of judgment. The parties made multiple settlement offers before the defendants made the offer of judgment. ECF 17-2, ¶ 16; ECF 18, at 6. Fourth, the parties are represented by competent and experienced counsel.

4

ECF 16, at 4.  The fifth factor—the opinions of class counsel—is not relevant because this is not a class action.  *See Lomascolo*, 2009 WL 3094955, at *10.  Regarding the sixth factor, the parties agree that the $12,000 offer represents more than double Sanchez Guevara's actual damages—a significant amount given that the defendants deny liability.  Upon consideration of these factors, the Court finds the offer of judgment to be fair and reasonable.

### III.    Costs and Attorneys' Fees

Pursuant to Rule 68, an accepted offer of judgment is entered "on specified terms, with the costs then accrued . . . ."  Fed. R. Civ. P. 68(a).  When the terms of the offer do "not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion . . . it determines to be sufficient to cover the costs."  *Bosley v. Min. Cnty. Comm'n*, 650 F.3d 408, 412 (4th Cir. 2011) (quoting *Marek v. Chesny*, 473 U.S. 1, 6 (1985)) (emphasis from *Bosley* omitted); *see Johnson v. Helion Techs., Inc.*, No. DKC 18-3276, 2023 WL 2478860, at *4 (D. Md. Mar. 13, 2023) (quoting *Marek* and noting "an offer of judgment only triggers the terms of Rule 68 if it 'does not implicitly or explicitly provide that the judgment *not* include costs'").

The threshold question is whether the offer of judgment addresses costs.  At first glance, the answer seems like an obvious no.  After all, the text says nothing about them.  However, the text specifies that the amount is to cover "all of the Plaintiff's claims for relief," ECF 9, and the relief Sanchez Guevara sought for each count included fees and costs, ECF 1, ¶¶ 45, 53, 61.  That complicates the matter.  Ultimately, however, it does not change the result.

The Fourth Circuit last addressed this question in *Bosley*.  *See* 650 F.3d at 412–13.  There, a § 1983 plaintiff accepted a Rule 68 offer of judgment that read, in relevant part: "Pursuant to [Fed. R. Civ. P. 68(a)], the . . . Defendants hereby serve upon [the Plaintiff] an Offer of Judgment

in the amount of Thirty Thousand Dollars ($30,000.00) as full and complete satisfaction of [the Plaintiff's] claim against . . . Defendants." *Id.* at 410. The defendants argued that the offer included costs, relying on the Seventh Circuit's decision in *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390 (7th Cir. 1999). *Id.* at 412–13. In *Nordby*, the Seventh Circuit held that an offer of judgment providing for "judgment in the amount of $56,003.00 plus $1,000 in costs as one total sum as to all counts of the amended complaint" included attorneys' fees. *Nordby*, 199 F.3d at 391–92. After considering *Nordby*, the *Bosley* Court nevertheless held that the offer at issue was "silent as to costs." *Bosley*, 650 F.3d at 413. Without endorsing or rejecting *Nordby*, the Fourth Circuit distinguished it. *Id.* at 412. In *Nordby*, one of the plaintiff's claims arose under a "statute expressly providing for the recovery of attorney's fees as the principal relief." *Id.* at 412–13 (citing *Nordby*, 199 F.3d at 392–93). By contrast, in *Bosley* the plaintiff merely "included a prayer for an award of attorney's fees and costs in her *ad damnum* clause." *Id.* at 413. The "inclusion of this request," the Fourth Circuit emphasized, "did not serve to transform the action into one that principally sought recovery of attorney's fees and costs"—at least where, as in a § 1983 action, the statute does not expressly entitle prevailing plaintiffs to fees and costs. *Id.*

Since then, "lower courts applying *Bosley*" have reached the same result "in the context of other statutes that allow for fees," *Johnson ex rel. S.J. v. Hyatt Hotels Corp.*, No. 2:15-cv-03175-DCN, 2017 WL 4473469, at *3 (D.S.C. Oct. 6, 2017), including the FLSA, MWHL, and MWPCL. In *Acevedo v. Phoenix Preservation Group, Inc.*, the defendants in an action under these three statutes made an offer of judgment for "all of the Plaintiffs' claims for relief against each Defendant." No. PJM-13-3726, 2015 WL 6004150, at *1–2 (D. Md. Oct. 8, 2015). The defendants argued that this offer included costs; the plaintiffs asserted that it did not. The court found that, "as in *Bosley*," the plaintiffs' "claims [were] not premised on a statute expressly providing for the

6

recovery of attorney's fees as the principal relief.  Accordingly, the inclusion of a request for attorneys' fees in the Second Amended Complaint did not thereby silently incorporate attorneys' fees into the Offer of Judgment." *Id.* at \*4.  The nearly identical offer of judgment here should be interpreted the same way: as silent on costs.

*Acevedo* is in accord with how the Seventh Circuit has read *Nordby*.  In *Sanchez v. Prudential Pizza, Inc.*, for example, the Seventh Circuit faced a question like the one the Court faces here: whether an offer of judgment for "all of Plaintiff's claims for relief" included fees and costs.  709 F.3d 689, 690 (7th Cir. 2013).  Despite *Nordby*, the court held that the offer did not.  *Id.* at 692–93.  "In *Nordby*, we found that a Rule 68 offer that provided for 'judgment in the amount of $56,003.00 plus $1000 in costs as one total sum as to all counts of the amended complaint' . . . include[d] attorney fees," the Seventh Circuit acknowledged.  *Id.* at 693.  However, it noted, "[t]he *Nordby* defendant's offer specifically mentioned costs."  *Id.*  It concluded that if the defendant in *Sanchez* "intended its offer to include attorney fees, its chosen language was insufficient."  *Id.*  Even where *Nordby* is binding authority, it does not mean that an offer of judgment like the one at issue here addresses costs.

All told, although it may be possible to stretch *Nordby* to imply that the offer of judgment here includes costs, the weight of authority points the other way.  This Court could find that the offer of judgment implicitly includes costs only by finding that *Bosley* tacitly made *Nordby* into Fourth Circuit authority; that the Seventh Circuit has misread *Nordby* in the years since; and that the district courts in the Fourth Circuit that have applied *Bosley* to statutes allowing for the recovery of fees and costs have erred.  That is too many unsupported assumptions.  This Court follows *Acevedo* in finding that an offer of judgment for "all of the Plaintiffs' claims for relief," in a case under the FLSA, MWHL, and MWPCL, does not include fees and costs.  As the Fourth

7

Circuit has emphasized, "[i]f a defendant intends to make a lump sum Rule 68 offer inclusive of awardable costs, *Marek* makes abundantly clear the means by which to do so: precise drafting of the offer to recite that costs are included in the total sum offered." *Bosley*, 650 F.3d at 413.  If the defendants meant the offer to include attorneys' fees, they "could have easily drafted a Rule 68 offer either reciting that recoverable costs were included in the sum or specifying an amount for such costs." *Id.*  They did not.[1]

"When a Rule 68 offer of judgment is silent as to costs, a court faced with such an offer that has been timely accepted is obliged by the terms of the rule to include in its judgment an amount above the sum stated in the offer to cover the offeree's costs." *Id.* (citing *Marek*, 473 U.S. at 6).  Because the offer of judgment does not state that it includes attorneys' fees or any other costs, the Court is "required by Rule 68 to include an additional amount in its judgment for such costs." *Id.*

That raises the next question: which costs?  The prevailing plaintiff in an action under the FLSA, MWHL, and MWPCL may recover from the defendants "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 711 (4th Cir. 1988); *see also Jiminez v. Express Check Cash, LLC*, No. PWG-17-2696, 2018 WL 3970476, at *6 (D. Md. Aug. 17, 2018); *Lopez v. Lawns 'R' Us*, No. DKC-07-2979, 2008 WL 2227353, at *7 (D. Md. May 23, 2008), *report and recommendation adopted*, No. DKC-07-2979, 2008 WL 11509751 (D. Md. June 26, 2008).  Sanchez Guevara requests $647.00 in costs, covering the filing fee and the fees for

---

[1] For that reason, the defendants also cannot succeed in their argument that they offered an amount more than twice the plaintiff's unpaid wages because they intended to provide for attorneys' fees in addition to damages for the plaintiff.  ECF 18, at 4–5.  What matters is not what they intended, but what they wrote.

serving process on each defendant. ECF 17, at 10. These are reasonable expenses incurred in the course of litigating this case. The Court will award Sanchez Guevara these costs.

Whether "costs" include attorneys' fees depends on the underlying statute. As used in Rule 68, the term "costs" "refer[s] to all costs properly awardable under the relevant substantive statute or other authority," and "all costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.'" *Marek*, 473 U.S. at 9; *see Johnson*, 2023 WL 2478860, at *5 (quoting *Marek*). Therefore, "where the underlying statute defines 'costs' to include attorney's fees, . . . such fees are to be included as costs for purposes of Rule 68." *Marek*, 473 U.S. at 9.

Sanchez Guevara brings claims under the FLSA, MWHL, and MWPCL. The FLSA distinguishes between costs and attorneys' fees, but the MWHL and MWPCL define attorneys' fees as a form of costs. *Johnson*, 2023 WL 2478860, at *5 (comparing 29 U.S.C. § 216(b) ("attorney's fee . . . and costs"), with Md. Code Ann., Lab. & Empl. §§ 3-427(a)(3) and 3-507.2(b) ("counsel fees and other costs")). And, an award of reasonable attorneys' fees is mandatory under the MWHL. Lab. & Empl. § 3-427(d)(1). Thus, the Court must award reasonable attorneys' fees to Sanchez Guevara as part of the costs associated with the accepted offer of judgment. *See Marek*, 473 U.S. at 9; *Johnson*, 2023 WL 2478860, at *5.

The defendants' argument that the Court should not award attorneys' fees because they had a *bona fide* dispute with Sanchez Guevara over whether or how much they owed him fares no better. True, the MWPCL requires the Court to find that there was no *bona fide* dispute before the Court may award attorneys' fees pursuant to that statute. *Qun Lin v. Cruz*, No. 914, Sept. Term, 2021, 2023 WL 154674, at *17 (Md. App. Ct. Jan. 11, 2023). However, the MWHL has no such requirement. *Id.* at *16. Indeed, under this statute, an award of reasonable attorneys' fees to the prevailing plaintiff is mandatory. *Id.* "[B]ecause an award was required under the . . . MWHL,

9

[the Court] need not determine the existence of a *bona fide* dispute under the MWPCL." *Qun Lin*, 2023 WL 154674, at *17.

However, the defendants are correct that Sanchez Guevara cannot recover post-offer costs—including post-offer attorneys' fees. The text of Rule 68 is clear: An accepted offer of judgment is entered "on specified terms, with the costs *then* accrued . . . ." Fed. R. Civ. P. 68(a) (emphasis added). The Fourth Circuit has held that Rule 68 means what it says: "Rule 68, by its plain and unambiguous terms, provides for entry of judgment in favor of the plaintiff on terms specified in an offer of judgment, plus *pre-offer* costs (here, including attorneys' fees)." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008) (emphasis added). In fact, the Fourth Circuit has expressly held that it is error to award post-offer costs where the parties have not expressly agreed to "alter[] the normal operation of Rule 68" to provide for them. *Id.* Courts in this district have consistently concurred. *See, e.g.*, *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 642 n.3 (D. Md. 2012) (citing *Grissom*, 569 F.3d at 320).

*Bradford v. HSBC Mortgage Corporation*, 859 F. Supp. 2d 783 (E.D. Va. 2012), does not imply otherwise. In *Bradford*, Rule 68's limitation to "costs then accrued" did not prevent the plaintiff from recovering post-offer attorneys' fees. *Id.* at 797. But that is because there, unlike here, the offer of judgment expressly provided for the recovery of "reasonable attorney's fees in connection with this claim, if provided by statute." *Id.* at 788. The statute at issue in that case, the Truth in Lending Act, provided that attorneys' fees were not "costs," but were recoverable. *Id.* at 797. As a result, the plaintiff could recover attorneys' fees, but the plaintiff's recovery was not limited by Rule 68's restriction to "costs then accrued." *Id.* That combination of facts—an express attorneys' fees provision in the offer of judgment and a statute that expressly excludes fees from costs—is absent here. In this case, the offer is silent on fees and two of the statutes recognize fees

10

as costs.  Because here, unlike in *Bradford*, attorneys' fees are considered "costs," they are limited by Rule 68's restriction to "costs then accrued."

To determine whether attorneys' fees are reasonable, the Court must determine the lodestar amount, which is a "reasonable hourly rate multiplied by hours reasonably expended."  *Grissom*, 549 F.3d at 320–21.  The lodestar amount is determined by the twelve factors provided in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).  *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (adopting *Johnson* factors).[2]  For the Court to address the reasonableness of fees, the party seeking fees "must provide 'detailed records' that specify 'the services performed, by whom they were performed, the time expended thereon, and the hourly rate charged.'"  *Matias Guerra v. Teixeira*, No. TDC-16-0618, 2019 WL 3927323, at *2 (D. Md. Aug. 20, 2019) (quoting *Bel Air Plaza Ltd. P'ship v. Ross Dress for Less, Inc.*, No. CCB-14-2533, 2016 WL 3440191, at *1 (D. Md. June 23, 2016)).  Sanchez Guevara has done so.  ECF 17-1 & 17-2.

Sanchez Guevara seeks a fees award of $10,260.00: $4,940.00 for work before the June 28, 2023 offer of judgment and $5,320.00 for work after the offer.  ECF 17-1, at 1–3.  Because the Court may award only pre-offer costs, the Court cannot award the $5,320.00 in fees for post-offer work.  The question, then, is whether $4,940.00 is a reasonable fee for the pre-offer services.

---

[2] The twelve factors in *Johnson* are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*See Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 229 n.28 (4th Cir. 1978).

According to the declaration of counsel, Justin Zelikovitz, and the July 13, 2023 invoice, Mr. Zelikovitz, Jonathan P. Tucker (additional counsel), Cesar Coello (the officer manager and paralegal), Julie Gutierrez Gomez (an administrative assistant), and Norma Sanchez (an administrative assistant) conducted intake and initial investigative work, researched and drafted the complaint, and negotiated with opposing counsel concerning the possibility of settlement. ECF 17-1 & 17-2.

First, the Court must determine whether the number of hours that counsel and their colleagues worked is reasonable. Mr. Zelikovitz worked 0.9 hours and Mr. Tucker worked 7.3 hours. ECF 17-1. They conferred with Sanchez Guevara, reviewed and revised the complaint, communicated with opposing counsel, evaluated the defendants' claims, and conducted settlement negotiations. *Id.* Mr. Coello worked 1.6 hours, Ms. Gutierrez Gomez worked 4.6 hours, and Ms. Sanchez worked 7.3 hours. *Id.* They drafted the complaint, summonses, and civil cover sheet, arranged for service, and conducted factual research. *Id.* Considering the *Johnson* factors, the Court finds the number of hours Mr. Zelikovitz, Mr. Tucker, Mr. Coello, Ms. Gutierrez Gomez, and Ms. Sanchez worked was reasonable.

Second, the Court must determine whether counsel's proposed fee rate is reasonable. Mr. Zelikovitz, who has been a practicing attorney since 2008, billed at $400.00 per hour. ECF 17-2, ¶ 5. Mr. Tucker, who has been a practicing attorney since 2009, billed at $350.00 per hour. *Id.* ¶ 6. Their hourly rates are within this Court's Local Rules' Guidelines for hourly rates for attorneys of their experience. Loc. R. App. B.3(c), (d) (D. Md. July 1, 2023). Mr. Coello, the firm's office manager and paralegal, billed at $150.00 per hour. ECF 17-2, ¶ 7. Ms. Gutierrez Gomez and Ms. Sanchez, the firm's administrative assistants, also billed at $150.00 per hour, for the work of law clerks. *Id.* ¶ 8. Their hourly rates, too, are within this Court's Local Rules'

Guidelines for hourly rates for paralegals and law clerks. Loc. R. App. B.3(f). At $400.00 per hour, Mr. Zelikovitz's fees for 0.9 hours of work are $360.00. At $350.00 per hour, Mr. Tucker's fees for 7.3 hours of work are $2,555.00. At $150.00 per hour, Mr. Coello's fees for 1.6 hours of work are $240.00. At $150.00 per hour, Ms. Gutierrez Gomez's fees for 4.6 hours of work are $690.00. And at $150.00 per hour, Ms. Sanchez's fees for 7.3 hours of work are $1,095.00. These amounts total $4,940.00. Therefore, the Court finds that $4,940.00 in attorneys' fees is reasonable.

The defendants' arguments that this award is unreasonable under the *Johnson* factors are unpersuasive. The defendants argue that the case should not have taken as many hours as it did. ECF 18, at 8. But the Court is not awarding attorneys' fees for the post-offer work, which substantially reduces the number of hours for which the plaintiff can recover fees. The defendants argue that Sanchez Guevara's team charged unreasonably high rates and failed to justify them. *Id.* at 9. But Sanchez Guevara established that the rates in his request conform to the benchmarks in this district's Local Rules. The defendants argue that this case was too easy to justify these fees. *Id.* at 8. But they do not take issue with any specific pre-offer entry or cite any authority indicating that the pre-offer fees requested here are excessive. The defendants suggest that Sanchez Guevara may not recover for the time of a paralegal or administrative assistant. *Id.* at 9. In fact, courts routinely award plaintiffs these fees. *See, e.g.*, *Carrera v. EMD Sales, Inc.*, No. JKB-17-3066, 2021 WL 3856287, at *6 (D. Md. Aug. 27, 2021); *Martinez Perez v. Cheng*, No. GJH-18-3348, 2019 WL 7049688, at *6 (D. Md. Dec. 23, 2019). Finally, the defendants contend that the $150.00 hourly rate for the paralegal and administrative assistants in this case is too high, in part because the three individuals billing at that rate have different titles and backgrounds. ECF 18, at 8. But courts in this district and others have awarded fees at that rate or higher to this very team of legal

support staff. *See Martinez Perez*, 2019 WL 7049688, at *6; *Zaldaña v. Morrogh*, No. 20-3810 (RC), 2022 WL 203471, at *10 (D.D.C. Jan. 24, 2022).

In sum, Sanchez Guevara is entitled to the pre-offer attorneys' fees and costs that he requests, but not any post-offer attorneys' fees and costs. Accordingly, this 10th day of January, 2024, it is hereby ORDERED that

1. The plaintiff's motion for court approval of the offer of judgment, ECF 16, is GRANTED;

2. Judgment is ENTERED against the defendants United Buffet & Grill d/b/a Sushi Oishii and its owner Jun Wei Ni in the amount of $12,000.00, including all of the plaintiff's claims for relief against the defendants;

3. The plaintiff's petition for attorneys' fees and costs, ECF 17, is GRANTED IN PART and DENIED IN PART as follows:

   a. The defendants shall pay $4,940.00 in attorneys' fees to the plaintiff by delivering that amount to DCWageLaw, within 14 days of the entry of this Order.

   b. The defendants shall pay $647.00 in costs to the plaintiff by delivering that amount to DCWageLaw, within 14 days of the entry of this Order.

_____
Deborah L. Boardman
United States District Judge